In re **PIONEER HOUSING SYSTEMS,** INC., Debtor.

No. 04–50431–JDW.

United States Bankruptcy Court, S.D. Georgia, Waycross Division.

Sept. 24, 2004.

Clyde W. Royals, Douglas, GA, for Movant.

Mary Jane Cardwell, Waycross, GA, for trustee.

## MEMORANDUM OPINION

JAMES D. WALKER, JR., Bankruptcy Judge.

This matter comes before the Court on Clyde W. Royals' motion to set aside order on motion to disgorge attorney fees and sanctions. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(O). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

Attorney Clyde W. Royals filed a Chapter 7 petition on behalf of the Georgia corporation Pioneer Housing Systems, Inc. on March 18, 2004, for which he received $5,000 in attorney fees paid by one or more shareholders of Pioneer. Mary Jane Cardwell was appointed Interim Trustee for the case. Shares in Pioneer are held by four individuals. Two of those people— Elijah Waldron, who holds 49 percent of the shares, and Kyle Waldron, who holds 17 percent of the shares—had individual Chapter 7 cases pending on the date of the Pioneer filing. Neither Elijah Waldron nor Kyle Waldron claimed their shares as exempt; thus, the shares (a total of 66 percent of outstanding shares) became property of the Waldrons' respective bankruptcy estates under the control of the Trustee, Ms. Cardwell.

Ms. Cardwell filed a motion to disgorge attorney fees from Mr. Royals, to sanction Mr. Royals, and to dismiss Pioneer's bankruptcy case. Ms. Cardwell argued that Pioneer's bankruptcy filing was unauthorized because it was done without her approval as the majority shareholder. She sought disgorgement of attorney fees because, having been paid by the shareholders, the fees may have been property of the bankruptcy estates of Elijah or Kyle Waldron or both. Finally, she sought sanctions of $1,500 to cover her fees and expenses.

Although the Court rejected the argument that the filing was unauthorized for lack of shareholder approval, it nevertheless dismissed the case as an unauthorized filing. The Court determined that under Georgia law, a resolution by the board of directors is the only necessary authority for filing a corporate bankruptcy case.[1]

---

1. The Trustee had not taken any action to remove officers and/or directors in her capac-

However, the Court also concluded that Georgia law requires such a resolution, even if made informally, to be reduced to writing. At a hearing on the Trustee's motion on May 27, 2004, the Court urged Mr. Royals to produce the writing authorizing the bankruptcy filing. Mr. Royals said he was unable to do so, and the Court granted the Trustee's motion, ordering Mr. Royals to turn over to the Trustee $5,000 in attorney fees, and sanctioning Mr. Royals $1,500, payable to the Trustee. In addition, the Court dismissed Pioneer's bankruptcy case.

Mr. Royals filed a motion to set aside the disgorgement of fees and the sanctions. He did not request reconsideration of the decision to dismiss the bankruptcy case. The Court held the first hearing on the motion on July 29, 2004. At that hearing, the Court agreed to reconsider the decision and required Mr. Royals to produce the document he had announced previously that he was unable to produce. The Court instructed Mr. Royals that a writing was required to authorize the filing of the corporate bankruptcy case, and that testimony of directors about decisions made at a meeting would not serve as a suitable substitute for the document. The Court held a second hearing on the motion on September 2, 2004. At that hearing, Mr. Royals produced a document purporting to be the original minutes from a special meeting of Pioneer's board of directors held on February 10, 2004, in which the board approved the filing of a Chapter 7 petition on behalf of Pioneer. While the circumstances surrounding the document, first its nonexistence in May and its later discovery within days of the September hearing, suggests a cautious regard for its

authenticity, no other evidence was introduced to dispute the allegation that it was prepared and signed as indicated on the face of the document. Therefore, a preponderance of the evidence shows, albeit belatedly, that Mr. Royals had the necessary authority to file a bankruptcy petition on behalf of Pioneer even though at the time he filed the case he had no proof of any such written authorization.

## Conclusions of Law

In a corporate bankruptcy, the petition requires the corporate official executing documents on behalf of the debtor—in this case, Elijah Waldron—to swear to the following statement: "I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor."

As Pioneer's attorney, Mr. Royals is bound by Federal Rule of Bankruptcy Procedure 9011, which provides as follows:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
> . . .
>
> (3) the allegations and other factual contentions have evidentiary support. . . .

Fed. R. Bankr.P. 9011(b)(3). Failure to comply with this rule, subjects the attorney to sanctions. *Id.* 9011(C). Thus, at issue is the factual assertion made in Pioneer's bankruptcy petition that Elijah Wal-

ity as the holder of 66% of the outstanding shares of the corporation. The court ruled that, in the absence of a resignation or any action by the Trustee to remove officers

and/or directors, they would be authorized and required to continue to exercise their corporate duties.

dron was authorized by Pioneer to seek bankruptcy protection for the corporation.

■ Corporate decisions are made by the board of directors at formal meetings and must be documented in the minutes. O.C.G.A. § 14–2–1601(a) (2003); *see also* 1 Ga. Corporation, LP & LLC § 10–10 (2003 ed.). The board may act without a meeting if the directors are acting unanimously and the action is documented in writing and signed by all the directors. O.C.G.A. § 14–2–821(a). As explained in the findings of fact, Mr. Royals has produced documentary evidence that the board of directors held a meeting on February 10, 2004, more than one month before the petition in this case was filed, at which it authorized Pioneer to file the bankruptcy case. Consequently, the Court concludes that Mr. Royals has not violated Rule 9011. What was once represented by Mr. Royals as fact without any evidentiary support and without any reasonable assurance that such fact could be proven will not in this case be construed as a violation of Rule 11 when happenstance intervenes later to properly authenticate the alleged fact.

■ In light of this conclusion, the Court will vacate that part of its order sanctioning Mr. Royals and ordering him to pay $1,500 to the Trustee. Furthermore, because the bankruptcy filing has been proven to have been authorized, Mr. Royals may be entitled to attorney fees for his work in the case. Therefore, the Trustee is ordered to return to Mr. Royals the $5,000 disgorged from him by the Court's previous order. Mr. Royals is ordered to hold that $5,000 in trust pending further order of this Court. Mr. Royals will have 20 days from the date of this opinion to apply for attorney fees in the Pioneer case. Likewise, the Trustee will have 20 days from the date of this opinion to seek turnover of the $5,000 if she believes the funds were disbursed without authority from an individual case where she serves as trustee.

An Order in accordance with this Opinion will be entered on this date.

## ORDER

In accordance with the Memorandum Opinion entered on this date, the Court hereby GRANTS the motion of Clyde W. Royals to set aside its order disgorging him of attorney fees and sanctioning him. The Order entered June 17, 2004 is hereby VACATED.

It is further hereby ORDERED that Chapter 7 Trustee Mary Jane Cardwell pay over to Mr. Royals the $5,000 attorney fees disgorged from him by the June 17, 2004 Order.

It is further hereby ORDERED that Mr. Royals shall hold the $5,000 in trust until further order of this Court.

It is further hereby ORDERED that the parties will have 20 days from the date of this Order to assert any claims they may have against the $5,000 held in trust.

So ORDERED, this 23rd day of September, 2004.